UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LARRY POOLE,<br>    Defendant. | Criminal No. 06-334 M-01 |

## DETENTION MEMORANDUM

The Defendant, Larry Poole, has been charged by criminal complaint with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. 2246(2) with a thirteen year old female, in violation of 18 U.S.C. § 2423(b). The government requested a preliminary hearing and detention hearing. The preliminary hearing was postponed until August 18, 2006 and the detention hearing was held on August 1, 2006. At the conclusion of the detention hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, the government proffered that the Defendant traveled to

Washington, DC for the purpose of engaging in illicit sexual conduct with a thirteen year old female. According to the government, the Defendant initiated contact over the internet in a private Yahoo chat room, with an undercover officer on Thursday, July 27, 2006. Detective Timothy R. Palchak, the undercover officer, used the screen name "daddysgrldc" and identified himself as a thirteen year old female. The Defendant used the screen name "lkrnson1." The Defendant had graphic sexual conversation over the internet with "daddysgrldc" and arranged to meet "daddysgrldc" at 1317 Adams St. NE, Washington, DC. According to Detective Palchak's affidavit filed in support of the complaint, the Defendant invited "daddysgrldc" to view his picture on his Yahoo profile and told "daddysgrldc" he would be arriving in a white truck. The government proffered that within hours of finishing the internet conversation, the Defendant arrived at the rendezvous address in a white truck and had the rendezvous address written on a piece of paper. Detective Palchak's affidavit also states that the Defendant's appearance matched that of the person in the photograph.

The Defendant is on probation in Baltimore County for parental child abuse. In addition, the Defendant is a registered sex offender and was ordered to have no contact with his daughter.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Danger to the community alone is a sufficient basis upon which to order pretrial detention, if the judicial officer finds by clear and convincing evidence that Defendant's pretrial

release would constitute an unreasonable risk of danger to the community. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Here, the government seeks pre-trial detention on the grounds that the Defendant poses a danger to the community and a risk of flight. In determining whether there are conditions of release which will reasonably assure the safety of the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. §3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, a crime of violence. The second factor, the weight of the evidence, also favors detention. The Defendant engaged in graphic sexual conversation over the internet with a thirteen year old female, who was actually an undercover officer. The Defendant made arrangements to meet the thirteen year old female in Washington, DC and within hours arrived in a truck at the rendezvous address. The Defendant had in his possession a piece of paper with the rendezvous address printed on it and he matched the appearance of the photographed person in the "lkrnson1" Yahoo profile.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant has a prior parental child abuse conviction in Baltimore County, where he is currently on probation. As a result of his conviction, he was ordered to register as a sex offender.

Nevertheless, he ignored the conditions of his probation and drove to Washington, DC to meet a thirteen year old female for the purposes of engaging in illicit sexual conduct.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Currently, the Defendant, a registered sex offender, lives alone and is supposed to be under judicial supervision in Maryland. However, the Defendant was able to make arrangements to meet a thirteen year old female in Washington, DC for the purposes of engaging in illicit sexual conduct. The Defendant argued that he should be released on supervision because he has an enlarged aortic valve. Notwithstanding the Defendant's need for medical coronary treatment, it did not impede his criminal activity and the Defendant is still a danger to the community. Additionally, because the Defendant saw fit to ignore the conditions of his probation and engage in criminal conduct, the Court has no basis to rely on his compliance with any conditions of release that the Court would impose.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released prior to trial. The Court also finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure the safety of the community, especially the children of the community. Therefore, the government's motion for pretrial detention is granted and the Defendant is to be held

without bond pending further actions of this court.

Dated: August 9, 2006 _____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE